IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAIME L. NATALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-cv-01281 |
| | ) | JUDGE SHARP |
| WELLS FARGO BANK, NATIONAL ASSOCIATION; SHIRLEE STEVENS; AND DOES 1-20, | ) ) ) | Magistrate Judge Knowles |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Shirlee Stevens ("Ms. Stevens") (collectively "Defendants"), submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint. Plaintiff has made nothing more than generic and conclusory assertions against the Defendants. The Complaint, therefore, does not set forth facts sufficient to render Plaintiff's claims plausible, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Because Plaintiff's Complaint fails to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the Court should dismiss Plaintiff's claims in their entirety.

### I.  BACKGROUND INFORMATION

Plaintiff Jamie Natali ("Plaintiff") is a former employee of Wells Fargo whose employment was terminated on May 28, 2010. (Docket Entry No. 1-1, Complaint ¶ 5 (hereinafter, "Complaint")). Wells Fargo terminated Plaintiff's employment due to a Code of Ethics violation. (Complaint ¶ 8). Plaintiff subsequently worked for U.S. Bank from September 6, 2011 until May 17, 2012. (Complaint ¶ 11).

Plaintiff claims that on May 17, 2012, an employee of U.S. Bank, Jennie Clark, "informed Plaintiff that she had met Plaintiff's old District Manager at Wells Fargo, Shirlee Stevens." (Complaint ¶ 13). Plaintiff does not allege anything about the substance of the alleged meeting between Ms. Clark and Ms. Stevens. Plaintiff then alleges the following about a second meeting with Ms. Clark later that day:

> …Plaintiff was confronted by Jennie Clark about her work history with Wells Fargo in that it had been brought to her attention about Plaintiff's "past". Plaintiff explained to Jennie Clark her work history at Wells Fargo and answered her questions. Jennie Clark then told Plaintiff that she was lying and that it sounded like a "Code of Ethics Violation". Such words were exactly the words used by Shirlee Stevens in terminating Plaintiff at Wells Fargo and could have only have [sic] been told to Jennie Clark by Shirlee Stevens.

(Complaint ¶ 15). U.S. Bank terminated Plaintiff's employment for lying on her job application. (Complaint ¶ 18).

In this action, Plaintiff brings claims for (1) false light invasion of privacy; (2) defamation – slander; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress against Wells Fargo and Ms. Stevens based on Plaintiff's allegation that the information relied upon by Jennie Clark of U.S. Bank to terminate Plaintiff's employment for that company could only have come from Shirlee Stevens of Wells Fargo. (Complaint ¶¶ 25-37).

## II.  ARGUMENT

### A.  Standard for Granting Motions to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief may be granted." To determine whether a pleading alleges "sufficient facts," the Court must start with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, however, the U.S. Supreme Court clarified this obligation and held that a plaintiff must allege sufficient ***facts*** to raise a right to relief above the speculative level and that it is not enough to merely create a suspicion of a legally cognizable right of action. 550 U.S. at 555-56 (2007). Further, the Court explained that a formulaic recitation of the elements of a cause of action will not do—plaintiffs must provide the "grounds" for their "entitlement to relief" by more than mere labels and conclusions. *Id. Twombly*, therefore, requires a plaintiff to allege "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to probable." *Id.* at 570.

Later, in *Ashcroft v. Iqbal*, the Court affirmed and expanded its holding in *Twombly*. 129 S.Ct. at 1949-50 (2009). The *Iqbal* Court held that the *Twombly* pleading standards applied to "all civil actions," and it affirmed that a complaint is insufficient if it contains "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 544). The Court further held that Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and stated that, where "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." *Id*. at 1949-50.

The Court emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1949-50. The Court continued that "a court considering a

motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are **not entitled to the assumption of truth**. *Id.* at 1950 (emphasis added).

*Iqbal* affirmed that, where a complaint fails to assert sufficient facts, the reviewing court must determine whether the allegations are merely conceivable (in which case dismissal is appropriate) versus whether they are actually plausible. *Id*. Even if state law determines the elements of a cause of action, the requirements to plead a cause of action to avoid dismissal for failure to state a claim are still determined by federal procedure law. *Lee Myles Associates Corp. v. Paul Robje Enterprises, Inc.,* 557 F. Supp. 2d 1134, 1139 (S.D. Cal. 2008) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir. 2003) ("The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."). Following *Twombly* and *Iqbal*, the Sixth Circuit Court of Appeals has reviewed Rule 12(b)(6) motions under the following standard: On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, but then determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974 (2007)). "To conduct this analysis, a court should first identify factual allegations that are entitled to a presumption of truth—that is, those allegations that are more than just legal conclusions. Then the court should 'consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (quoting *Iqbal*, 129 S.Ct. at

N BMB01 937871 v1
2780973-001778  12/13/2012

1950–51). *See also Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012) ("[W]e need not accept any legal conclusions or unwarranted factual inferences.").

### B. Plaintiff Has Failed to Satisfy the *Twombly* and *Iqbal* Pleading Standards

Plaintiff's Complaint is implausible on its face and fails to plead facts to establish the essential elements of her claims. It merely recites conclusory allegations and unsupported deductions of fact in casting speculative blame on the Defendants for Plaintiff's termination from U.S. Bank.

#### 1. Plaintiff Has Failed to Plead Facts to Support Her Defamation Claim

Plaintiff's Complaint presents nothing more than speculation that Ms. Stevens told someone at U.S. Bank about the circumstances of Plaintiff's termination from Wells Fargo. (Doc. No. 1 at 3-6). Paragraph 13 of the Complaint alleges only that Jennie Clark had met Ms. Stevens prior to Plaintiff's termination from U.S. Bank. Paragraph 15 then leaps to the conclusion that Ms. Stevens must have told U.S. Bank about the Plaintiff's "Code of Ethics Violation" at Wells Fargo. Specifically, Paragraph 15 states, "Such words [Code of Ethics Violation] were exactly the words used by Shirlee Stevens in terminating Plaintiff at Wells Fargo and could have only have been told to Jennie Clark by Shirlee Stevens, violating Plaintiff's right to privacy, defaming her and placing her in a false light with Jennie Clark and U.S. Bank." These allegations do not satisfy the requirements for a *prima facie* case of defamation and are nothing more than unsupported deductions and unreasonable inferences. To establish a *prima facie* case of defamation under Tennessee law, Plaintiff must establish: 1) a party published a statement; 2) with knowledge the statement was false and defamatory; or 3) with reckless

5

N BMB01 937871 v1
2780973-001778 12/13/2012

disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999). Conclusory allegations that fail to establish the precise statement allegedly made by a defendant do not make a *prima facie* case of defamation. *Steele v. Ritz*, No. W2008-02125-COA-R3-CV, 2009 WL 4825183, at *3-*4 (Tenn. Ct. App. December 16, 2009) (dismissing claim for defamation due to plaintiff's failure to describe any particulars of the defendant's alleged defamatory statement). *See also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 436 (6th Cir. 2008) (finding dismissal of defamation claim under Rule 12(b)(6) appropriate where the complaint contained only generic pleading and lacked a "factual description of the substance of the statements or who made the statements that 'defamed and libeled'" the plaintiff).

In *Johnson v. Haight Ashbury Medical Clinics, Inc.*, No. C–11–02052–YGR, 2012 WL 629312, at *2 (N.D. Cal. February 27, 2012), the plaintiff brought a defamation claim against a prior employer, contending that his prior termination and statements by his former employer prevented him from obtaining subsequent employment. The district court dismissed the plaintiff's defamation claim pursuant to Rule 12(b)(6), because the complaint failed to "explain what statements about his 'difficulties' were made to the prospective employers." *Id.* at *4. Other courts agree that a complaint alleging a defamation claim must provide details related to the alleged defamatory statement. *See, e.g., Phillips v. World Publ'g Co.*, 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011) (dismissing defamation claim because "[n]owhere in the complaint has plaintiff alleged when or where such statements were made, or what statements were actually made by defendant," and concluding that "such scattershot and unsubstantiated allegations

N BMB01 937871 v1
2780973-001778  12/13/2012

cannot withstand a motion to dismiss"); *McGuire v. IBM Corp.*, No. 1:11cv528, 2011 WL 4007682, at *5 (E.D. Va. September 8, 2011) (dismissing defamation claim under Rule 12(b)(6) where the plaintiff "fail[ed] to offer more than conjecture and falls far short of the level of particularity required to maintain a defamation action").

Here, Plaintiff's Complaint fails to specify any allegedly defamatory statement made by Ms. Stevens. Plaintiff does not provide any factual description of the substance of the statement allegedly made by Ms. Stevens to Ms. Clark of U.S. Bank. Instead, Plaintiff only offers speculation that since the words "Code of Ethics Violation" were the same as those used by Wells Fargo when terminating Plaintiff's employment, only Ms. Stevens of Wells Fargo could have told Ms. Clark of U.S. Bank about Plaintiff's "Code of Ethics Violation" at Wells Fargo.

Plaintiff's unfounded conclusory allegations do not withstand the scrutiny required under *Twombly* and *Iqbal*. Information related to Plaintiff's Code of Ethics Violation at Wells Fargo could have come from any number of sources, including former Wells Fargo employees with knowledge of Plaintiff's termination,[1] a person in whom Plaintiff confided, or an independent investigation conducted by U.S. Bank that revealed information about Plaintiff's termination from Wells Fargo. Moreover, it is hardly suspicious that national banks such as Wells Fargo and U.S. Bank would use the terminology of a "Code of Ethics Violation" in the current post-Enron, regulatory environment. Regardless, Plaintiff's Complaint blames Ms. Stevens and Wells Fargo for her termination from U.S. Bank without alleging a specific defamatory statement or without

---

[1] Of course, a statement by a former Wells Fargo employee would not subject Wells Fargo to *respondeat superior* liability. *Cannon v. GunnAllen Financial, Inc.*, No. 3:06-0804, 2007 WL 2351313, at *9 (M.D. Tenn. August 14, 2007).

N BMB01 937871 v1
2780973-001778  12/13/2012

alleging facts that would link Ms. Stevens or Wells Fargo to U.S. Bank's decision to terminate her employment. These flaws are fatal to Plaintiff's defamation claims.

Plaintiff also does not otherwise provide specifics to support the other elements of her *prima facie* claim of defamation. Although Plaintiff makes a general allegation that Defendants collectively made an alleged defamatory statement about Plaintiff knowing that it was false, malicious, or in reckless disregard to its truth or falsity (Complaint ¶ 16), she pleads no support whatsoever for this assertion. Plaintiff's earlier conclusory statements that she was wrongfully terminated by Wells Fargo and that she "was unaware that such activity was proscribed by Wells Fargo" do not bear on the truth or falsity of any allegedly defamatory statement at issue. (Complaint ¶¶ 7-8). At most, Plaintiff has alleged that she does not believe she should have been terminated by Wells Fargo, but this does not satisfy her burden to provide specific allegations as to Defendants' knowledge of the statement's falsity or Defendants' reckless disregard for the truth of the statement. *Sullivan* 995 S.W.2d at 571. *See also Thornburgh v. Christy*, No. 2:09–CV–141, 2010 WL 1257984, at *14 (E.D. Tenn. March 26, 2010) (dismissing claim for defamation under Rule 12(b) due to lack of specific facts as to falsity or defendants' knowledge thereof).

Finally, Plaintiff does not allege any separate action or statement by Wells Fargo apart from her vague accusations against Ms. Stevens. Instead, she merely makes generalized defamation allegations against Ms. Stevens and Wells Fargo jointly. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548-49 (6th Cir. 2007). Because Plaintiff has failed

8

to provide specific allegations in support of any of the elements of a *prima facia* claim of defamation, this claim should be dismissed as to both Defendants.

### 2. Plaintiff Has Failed to Plead Specific Facts to Support Her False Light Claim

Plaintiff's allegations do not satisfy the pleading requirements for false light invasion of privacy. To prove a claim of false light invasion of privacy, a plaintiff must show that the defendant (1) gave publicity to a matter concerning another; (2) the publicity placed the plaintiff before the public in a false light; (3) the false light in which the other was placed is highly offensive to a reasonable person; and (4) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 643-44 (Tenn. 2001) (citing Section 652E of the Restatement (Second) of Torts (1977)). The *West* Court also noted that defamation and false light claims are related and overlap significantly. *Id.* at 644.

The "publicity" requirement for false light claims is very important. *See Secured Financial Solutions, LLC v. Winer*, No. M2009-00885-COA-R3-CV, 2010 WL 334644, at *4 (Tenn. Ct. App. January 28, 2010). "[D]isclosure to one person or a small group [is] not sufficient to sustain an action." *Id.* (citing *Major v. Charter Lakeside Hosp., Inc.*, No. 42, 30011, 1990 WL 125538, at *5 (Tenn. Ct. App. Aug. 31, 1990)). Moreover, generalized allegations that speculate about a defendant's actions or statements cannot support claims for false light. *Thornburgh v. Christy*, No. 2:09–CV–141, 2010 WL 1257984, at *13-*14 (E.D. Tenn. March 26, 2010). "The element of publicity is not met if the communication is to a single person or even to a small group of persons." *Id.* at *14. Courts should dismiss false light claims under

N BMB01 937871 v1
2780973-001778  12/13/2012

Rule 12(b)(6) if the plaintiff fails to plead sufficient facts as to the publication to a large group of persons. *Id.* at *14.

Here, Plaintiff has failed to plead sufficient facts to support her false light claim. As stated above, Plaintiff does not describe the substance of any statements by Ms. Stevens or how any statements by her placed the Plaintiff in a false light. Additionally, Plaintiff makes no other allegations that the Defendants specifically communicated any matter about the Plaintiff to a third party. Plaintiff has also not alleged that the Defendants took specific actions to publicize any details about the Plaintiff to a significant number of people. Accordingly, her false light claim should be dismissed as to both Defendants.

### 3. Plaintiff Has Failed to Plead Specific Facts to Support Her Emotional Distress Claims

Plaintiff's claims for intentional and negligent infliction of emotional distress should also be dismissed under Rule 12(b)(6). As discussed above, Plaintiff has failed to plead sufficient specificity regarding the Defendants' actions. This lack of specificity, alone, provides a basis for dismissal of these claims. In addition, Plaintiff does not even try to plead facts to satisfy the essential elements of these claims under Tennessee law. To establish a *prima facie* case of intentional infliction of emotional distress, a plaintiff must plead and prove: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct must result in serious mental injury to the plaintiff. *Miller v. Willbanks*, 8 S.W.3d 607 (Tenn. 1999) (citing Bain v. Wells, 936 S.W.2d 618, 622 (Tenn.1997)). Plaintiff has failed to plead facts that would establish that either Defendant's

10

actions are outrageous or intolerable in a civilized society. Plaintiff's single paragraph alleging that she suffered emotional distress (Complaint ¶ 34) is not enough to support her claim.

A claim for negligent infliction of emotional distress requires that the plaintiff establish the elements of a general negligence claim: (1) duty, (2) breach of duty, (3) injury or loss, (4) causation in fact, and (5) proximate causation. *See Camper v. Minor*, 915 S.W.2d 437, 446 (Tenn. 1996). A plaintiff pleading such a claim must state facts that would support a "serious" or "severe" emotional injury, "where a reasonable person, normally constituted, would not be able to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* (quoting *Rodriques v. State*, 52 Haw. 156, 283, 472 P.2d 509, 520 (1970)). Plaintiff has failed to satisfy this pleading requirement. Her two paragraph statement of this claim (Complaint ¶¶ 36-37) fails to allege any duty that the Defendants owed to the Plaintiff, how they breached that duty, or that Plaintiff has suffered such serious or severe emotional injury that she cannot adequately cope with her mental stress.

### 4. Plaintiff Has Failed to Plead Specific Facts to Support Any Claims Against Wells Fargo

As discussed above, Plaintiff's only theory of liability as to Wells Fargo is *respondeat superior*. (Complaint ¶ 24). She does not allege any facts as to any acts or omissions by Wells Fargo, except to state that Plaintiff was allegedly wrongfully terminated by Wells Fargo for improperly allocating sales credit on accounts. (Complaint ¶ 7). Plaintiff, however, is not bringing a claim against Wells Fargo for wrongful termination. Because she has failed to raise any claims beyond the speculative level against Ms. Stevens, her claims against Wells Fargo must fail as well. *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 345 (Tenn. 2002)

("A principal may not be held vicariously liable under the doctrine of *respondeat superior* based upon the acts of its agent…when the agent has been exonerated by an adjudication of non-liability."). Accordingly, all of Plaintiff's claims against Wells Fargo should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the claims alleged in the Complaint in their entirety pursuant to Fed. R. Civ. P. 12(b)(6) and enter judgment for the Defendants.

Respectfully submitted,

s/ Kenneth A. Weber
Kenneth A. Weber (#015730)
Bradley M. Bakker (#028380)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5760
Facsimile: (615) 744-5760
Email: kweber@bakerdonelson.com
Email: bbakker@bakerdonelson.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 14th day of December, 2012, a true and correct copy of the foregoing Memorandum in Support of Motion to Dismiss was filed electronically via ECF, which will provide notice to the following parties:

David Young Parker
714 Russell Street
P.O. Box 190616
Nashville, Tennessee 37219-0616
(615) 242-5463
dyp714@bellsouth.net

                /s/ Kenneth A. Weber
                Kenneth A. Weber

N BMB01 937871 v1
2780973-001778  12/13/2012